PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Charlene Ffriend

**Docket Number:** 06-00859-001
**PACTS Number:** 45366

**Name of Sentencing Judicial Officer:** The Honorable Anthony A. Aliamo, U.S.D.J., SD/GA
**Name of New Judicial Officer:** The Honorable Jose L. Linares, U.S.D.J.

**Date of Original Sentence:** 03/07/2005

**Original Offense:** Conspiracy to Manufacture, Possess With Intent to Distribute and to Distribute N-Benzylpiperane, 21 U.S.C. § 846

**Original Sentence:** 13 months imprisonment; 3 years supervised release.

**Type of Supervision:** supervised release

**Date Supervision Commenced:** 02/03/06

**Assistant U.S. Attorney:** Darrin L. McCullough, 100 Bull Street, 2nd Floor, Savannah, Georgia 31401, (912) 652-4422

**Defense Attorney:** Harry R. Dixon, Jr, (Retained) 304 East Bay Street, Savannah, Georgia 31401, (912) 644-6700

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number   Nature of Noncompliance

1                  The offender has violated the supervision condition which states **'You shall not leave the judicial district without the permission of the Court or Probation Officer.'**

                   On or about April 3, 2008, the offender traveled without permission to Connecticut in order to secure her passport in an expedited fashion.

2                  The offender has violated the supervision condition which states **'You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.'**

                   In April 20007, the offender indicated she had made contact with the Bergen Volunteers to make arrangements to complete her community service. On June 7, 2007, it was confirmed the offender had not established contact with the

volunteer program.

On April 21, 2008, a credit history report was obtained for the offender's credit activity. This report showed offender leased a 2008 BMW in December 2007. The offender denied the same and stated she co-signed the lease for a cousin who had bad credit. In June 2008, when offender was asked to sign a release of information so the undersigned could obtain the lease application to verify offender's statement, she admitted the application would reveal she purchased the vehicle without any co-signers.

On June 24, 2008, it was reported the electronic monitoring unit had lost its power source. The offender was contacted and reported the power was turned off for unknown reasons and PSE&G were unable to provide her with a date to have the power restored. After investigating her claims, it was discovered the offender was aware that her power was turned off due to her inability to pay her PSE&G bill. The offender was questioned and denied knowledge of the same, until she was informed that PSE&G had been contacted by USPO. The offender then admitted to her failure to pay the bill

On July 4, 2008, the offender informed the undersigned that she would be working with her supervisor, from Coogi Menswear, visiting stores to check inventory and displays. The offender was granted permission to do so, so long as she would be working and the information could be verified. Contact was made with her supervisor on July 7, 2008, and she related she would never require any of her employees to work on a holiday and she was not with offender on the day in question. When confronted with these details, offender maintained she did work the holiday and spent time with her supervisor. Upon further questioning, the offender admitted she lied to the undersigned.

On July 21, 2008, the offender indicated she mailed a payment of $7,575 as payment of her fine. As of the submission of this report, no payment has been received.

The offender has violated the supervision condition which states '**The defendant shall contribute 200 hours of community service work over a period of 3 or less, from the date supervised release commences. Such service shall be without compensation, with the specific work placement to be approved by the U.S. Probation Office.**'

The applicant has completed 149 hours of community service with Teen Summit, a youth action group located in Paterson. The supervisor of this group was Sergeant Sharon Easton. She has also submitted a community service log indicating offender completed 51 hours of community service for the 21st Century After School Program, based in Paterson, New Jersey. The logs indicated the offender completed some of these hours while serving her home confinement. The undersigned questioned the validity of these hours and offender admitted to not having completed any community service hours with the 21st Century After School Program.

The offender has violated the supervision condition which states '**The defendant shall provide the U.S. Probation Office with access to any requested financial information. The defendant shall not incur new credit charges or opening additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.**'

In December 2007, without the permission of the probation office, the offender leased a 2008 BMW. She did not report the purchase on any of her monthly supervision reports and when originally questioned about the purchased denied ownership of the vehicle.

The offender has violated the supervision condition which states '**The defendant is to be confined to her residence for a period of 45 days commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.18 per day**'

On June 24, 2008, it was reported the electronic monitoring unit had lost its power source. The offender was contacted and reported the power was turned off for unknown reasons and PSE&G were unable to provide her with a date to have the power restored. After investigating her claims, it was discovered the offender was aware that her power was turned off due to her inability to pay her PSE&G bill. The offender was questioned and denied knowledge of the same, until she was informed that PSE&G had been contacted by USPO. The offender then admitted to her failure to pay the bill. In addition, while the unit was without power, the offender left her apartment to spend the night at her boyfriend's apartment in Paterson.

On July 4, 2008, the offender informed the undersigned that she would be working with her supervisor, from Coogi Menswear, visiting stores to check inventory and displays. The offender was granted permission to do so, as long as she would be working and the information could be verified. The offender returned from her "work day" at 8:58 p.m. On July 5, 2008, the offender was questioned about her whereabouts why she was out until well after stores closed on the holiday. The offender indicated her supervisor asked her to come to her residence in Tenafly to discuss their work day.

PROB 12C - Page 4
Charlene Ffriend

Contact was made with her supervisor on July 7, 2008, and she related she would never require any of her employees to work on a holiday and she was not with offender on the day in question. When confronted with these details, offender maintained she did work the holiday and spent time with her supervisor. Upon further questioning, the offender admitted she lied to the undersigned.

6.     The offender has violated the supervision condition which states '**The defendant must pay a fine of $10,000, with $4,100 due immediately, and the remaining balance to be paid in minimum monthly payments of $200 per month for 30 months.**'

The offender has an outstanding fine balance of $7,575. She has submitted three (3) payments of $1,000, $800 and $600, respectively.

I declare under penalty of perjury that the foregoing is true and correct.

By: Patrick Hattersley
U.S. Probation Officer
Date: 8/1/08

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[ ✓ ] The Issuance of a Summons.  Date of Hearing: _____.
[ ] No Action
[ ] Other

Signature of Judicial Officer

9-2-08
Date